# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL ACTION FILE NO.** |
| | : | **1:09-CR-490-TWT/AJB** |
| **THE PUBLIC WAREHOUSING** | : | |
| **COMPANY K.S.C.,** *a/k/a Agility*; | : | **(First Superseding)** |
| **AGILITY DGS HOLDINGS, INC.,** | : | |
| *f/k/a Agility Defense &* | : | |
| *Government Services, Inc., f/k/a* | : | |
| *PWC Logistics Services, Inc.*; **and** | : | |
| **AGILITY DGS LOGISTICS** | : | |
| **SERVICES COMPANY, K.S.C.(c)** | : | |
| *d/b/a PWC Logistics Services* | : | |
| *K.S.C.(c)*, | : | |
| | : | |
| **Defendants.** | : | |

## ORDER FOR SERVICE OF
## <u>REPORT AND RECOMMENDATION</u>

Attached is the Report and Recommendation ("R&R") of the United States
Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and
N.D. Ga. CrR. 58.1(A)(3)(a), (b).  A copy of the R&R and this order shall be served
upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections to the
R&R within **fourteen (14)** days of service of this Order.  Should objections be filed,
they shall specify with particularity the alleged error(s) made (including reference by

AO 72A
(Rev.8/8
2)

page number to the transcript if applicable) and shall be served upon the opposing party. *See United States v. Gaddy*, 894 F.2d 1307, 1315 (11th Cir. 1990). The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the R&R may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

Pursuant to 18 U.S.C. § 3161(h)(1)(H), **the above-referenced fourteen (14) days allowed for filing objections is EXCLUDED from the computation of time under the Speedy Trial Act ("the Act"), whether or not objections are actually filed.** If objections to this R&R are filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time all time between the filing of the R&R and the submission of the R&R, along with any objections, responses and replies thereto, to the District Judge. 18 U.S.C. § 3161(h)(1)(D), (H); *Henderson v. United States*, 476 U.S. 321, 331 (1986); *United States v. Mers*, 701 F.2d 1321, 1337 (11th Cir. 1983). The Clerk is **DIRECTED** to submit the R&R with objections, if any, to the District Court after expiration of the above time period.

AO 72A
(Rev.8/8
2)

**IT IS SO ORDERED and DIRECTED**, this  5th  day of ___October___, 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

3

AO 72A
(Rev.8/8
2)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL ACTION FILE NO.** |
| | **:** | **1:09-CR-490-TWT/AJB** |
| **THE PUBLIC WAREHOUSING** | **:** | |
| **COMPANY K.S.C.,** *a/k/a Agility***;** | **:** | **(First Superseding)** |
| **AGILITY DGS HOLDINGS, INC.,** | **:** | |
| *f/k/a Agility Defense &* | **:** | |
| *Government Services, Inc., f/k/a* | **:** | |
| *PWC Logistics Services, Inc.***; and** | **:** | |
| **AGILITY DGS LOGISTICS** | **:** | |
| **SERVICES COMPANY, K.S.C.(c)** | **:** | |
| *d/b/a PWC Logistics Services* | **:** | |
| *K.S.C.(c)***,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

## UNITED STATES MAGISTRATE JUDGE'S ORDER AND
## NON-FINAL REPORT AND RECOMMENDATION

The Government has moved to dismiss, without prejudice, the first superseding

indictment against Defendant Agility DGS Holdings, Inc. ("Holdings").  [Doc. 115].

Holdings contends that the dismissal should be with prejudice.  [Doc. 120].  The

Government filed a reply setting forth its reasons for a without-prejudice dismissal,

[Doc. 122], after which Holdings responded.  [Doc. 129].  Holdings then sought leave

to file a supplemental response, [Doc. 131].  The Government has not responded to this

motion, [*see* Dkt.], so the motion is **GRANTED**, and the Court will consider Holdings'

supplemental response, [Doc. 132].[1]  At the September 2, 2010, status conference, the

Court heard oral arguments by counsel on the Government's motion.  For the reasons

that follow, the undersigned **RECOMMENDS** that the Government's motion to

dismiss the indictment ***without prejudice*** as to Holdings, [Doc. 115], be **GRANTED**.

### *Contentions of the Parties*

In its initial motion, [Doc. 115], the Government sought, without explanation, to

dismiss the superseding indictment against Holdings without prejudice.  In Holdings'

initial response, it noted that while the government is not required to state the reasons

why it seeks dismissal of an indictment, the Eleventh Circuit suggests that the better

practice is for the Government to state its reasons for seeking dismissal under Federal

Rule of Criminal Procedure 48(a).  [Doc. 120 at 2 (quoting *United States v. Dyal*,

868 F.2d 424, 428 (11th Cir. 1989))].  Holdings argued that the Government's bare

motion did not give the Court the ability to meaningfully consider the motion as

required by Rule 48(a).  [*Id.* at 2-3].  Therefore, Holdings withheld its consent to the

---

[1]      Holdings also has moved to compel production of (1) *Brady* materials, [Doc. 86], and (2) Rule 16 materials, [Doc. 89].  However, at the status conference on September 3, 2010, [Doc. 134], the Court granted the Government's motion to vacate the discovery order and stay discovery, [Doc. 128].  Since the Court recommends that the Government's motion to dismiss the indictment be granted, and has previously granted the government's motion to stay discovery, Holdings' motions, [Docs. 86, 89], are **DENIED AS MOOT**.

2

motion, and instead asked the Court to hold a hearing.  [*Id.* at 3].  Holdings also argued, however, that the Court should simply dismiss the superseding indictment without stating that the dismissal was with or without prejudice, leaving that issue for a later date if the Government sought to re-indict Holdings.  [*Id.*].[2]

The Government responded that although an early draft of Rule 48 required the prosecution to state its reasons for dismissal, the rule as passed only required leave of court.  [Doc. 122 at 2 (citing *United States v. Salinas*, 693 F.2d 348, 350-51 (5th Cir. 1982))].  It further contended that courts should defer to the Government's dismissal request in order not to intrude upon prosecutorial prerogative, and that any substantial intrusion upon this prerogative offends the Separation of Powers.  [Doc. 122 at 2-3].  As a result, the Government argued, its decision to seek dismissal without prejudice must be viewed by the Court with considerable deference.  [*Id.* at 3].  It then argued that in considering a motion to dismiss pursuant Rule 48(a),

---

[2]     Holdings also argued in passing that the Government has a more nefarious purpose in seeking to dismiss it from this litigation - - to forestall disclosing exculpatory evidence to the public and PWC, and that instead of denying this allegation, "the Government merely responds, 'This implication is without factual basis.' "  [Doc. 120 at 3 n.3].  The Court views the Government's response attributed to it by Holdings in fact to be a denial.  Also, as the Court noted in the R&R on the motions to quash, the Court finds unhelpful the constant griping and counter-griping between lawyers in this case, who repeatedly assign the worst motives to the other side, usually without a single citation to record evidence.

3

the prosecution is entitled to a presumption of good faith, and a defendant is entitled to a dismissal with prejudice only if, in response to a motion to dismiss the original prosecution or when dismissal of a subsequent indictment is sought, he demonstrates that the initial dismissal was in bad faith or he has been prejudiced in his ability to attack the prosecutor's motives due to the trial court's failure to require submission of adequate reasons as a condition of dismissal of the prior prosecution.  [*Id.*].  It also contended that an indictment is to be dismissed without prejudice if the reason for the dismissal does not go to the merits or demonstrate a reason to harass the defendant.  [*Id.* at 4].

Next, the Government contended that it has several good faith reasons that serve the interest of justice in seeking to dismiss Holdings without prejudice.  First, it submitted that the main defendant in this case, The Public Warehousing Company, K.S.C., ("PWC"),  is disingenuously stating that it looks forward to its day in court yet it evades service of process while continuing to collect money from the U.S. Treasury on the contacts through which the Government claims PWC and its codefendants committed fraud.  [*Id.* at 4[3]].  It further contended that PWC was using Holdings as its

_____

[3]    In an earlier Report and Recommendation, the undersigned recommended that the District Court grant the motions filed by PWC and Agility DGS Logistics Services Company, K.S.C.(c) ("Logistics") to quash service of process of the

4

proxy to obtain discovery in this case without submitting to the jurisdiction of this Court.  [*Id.* at 4-5].  As an example of PWC's alleged use of Holdings as a proxy, the Government pointed to Holdings' request for disclosure as *Brady* material the price negotiation memoranda ("PNMs"), which documents were created before Holdings came into corporate existence, and thus were unlikely to be *Brady* material as to Holdings.  It further argued that if the PNMs were relevant at all to this case, they pertained only to a count in the superseding indictment in which Holdings is not named.  [*Id.* at 5].  The Government then alleged, without citation to evidence, that PWC was seeking the exact same documents in a civil action pending in federal court in Washington, D.C.  [*Id.* at 5-6].  The Government also argued that Holdings acted as a proxy for PWC when it sought statements of officers, agents and employees of PWC and Logistics, even though the Government had produced upon request to Holdings the statements of its own officers, employees and agents.  [*Id.* at 6-7].

The Government next argued that it seeks to dismiss the charges against Holdings at this time to promote judicial economy and to preserve its own resources. In support it contended that at this time, Holdings is the only defendant currently acknowledging the jurisdiction of the Court, and given the time it may take to

indictment, [Doc. 133].  That R&R has not yet been submitted to the District Court.

5

adjudicate the service of process issue as to PWC and Logistics, the Government could face a trial against only Holdings with the possibility that it would face one or more trials against the other defendants in the future.  It argued that rather than face the possibility of multiple trials over an extended period of time, with the attendant expenditure of resources that multiple trials would entail, the Government sought to dismiss Holdings without prejudice.  [*Id.* at 7].  It also feared, as suggested by a statement Holdings' counsel made to it, that Holdings could go out of business, and thus the Government could expend resources against a defendant that could be dissolved by its parent (PWC) regardless of the verdict at trial.  [*Id.* at 7 n.4].  The Government also contended that the dismissal is not for the purpose of harassing Holdings but rather to prevent PWC and Holdings from abusing the judicial process and to preserve judicial and prosecutorial resources.  [*Id.* at 7-8].  Finally, the Government argued that Holdings' contention that the Court should simply dismiss the indictment against it without designating it as a dismissal with or without prejudice is contrary to Eleventh Circuit precedent, and that in the absence of bad faith, it is entitled to dismissal of the superseding indictment against Holdings without prejudice.  [*Id.* at 8].

6

In its supplemental reply, [Doc. 132], Holdings contended that the dismissal should be with prejudice because the Government's dismissal was done for the tactical reason of evading compliance with the Court's June 25, 2010, order, [*see* Doc. 111 at 33], requiring discovery to be completed by August 27, 2010.  [Doc. 132 at 2].  In the alternative, Holdings argued that, if the Government be allowed to dismiss the indictment against it without prejudice, such a dismissal should be conditioned on the Government's completion of its discovery obligations, so that Holdings will be not be prejudiced in the event it is re-indicted.  [*Id.*].  It described the Government's actions as a "purposeful attempt to manipulate and circumvent actual Orders of the Court," [*id.* at 5], because after making disclosures available through July 9, the Government (1) ceased production and filed a skeletal motion to dismiss on July 26, and (2) following Holdings' initial response to the dismissal motion, on the date that the Government was to have complied with the discovery order, the Government moved to stay discovery.  [*Id.* at 4].  It argued that the government's primary motivation in seeking to dismiss the indictment against Holdings - to prevent Holdings from acting as PWC's proxy by sharing the Rule 16 material with PWC and Logistics - is made in bad faith because the protective order governing the use of discovery materials in this case allowed Holdings to share Rule 16 materials with its co-defendants.  [*Id.* at 7].

7

It contended, therefore, that the Government violated the Court's discovery order for tactical reasons, in derogation of Holdings' rights.  [*Id.*].  It then argued that the record supports "the conclusion that Holdings was indicted solely to enhance the Government's alter ego theory of service.  Now, having brought a case against Holdings, devastating the company and implicitly but effectively tainting those who have served the company, the Government seeks to avoid producing the discovery it agreed to produce and which the Court ordered it to produce, on the excuse that it does not want the discovery turned over to defendants who under this Court's Protective Order were specifically authorized to receive the material." [*Id.*].  Therefore, Holdings submitted that it had overcome any presumption of good faith that normally attends a motion to dismiss filed by the Government.  Further, it argued that as an indicted defendant, Holdings was entitled to full compliance with the Court's discovery order. It also disputed the Government's argument that dismissal serves judicial and prosecutorial efficiency, because the government cited no authority for its argument. Holdings additionally argued that there are no Speedy Trial Act concerns that require Holdings to be tried before the PWC/Logistics service of process issue can be resolved because the case has been certified as complex.  [*Id.* at 8-9].

8

At oral argument on September 2, Holdings argued *inter alia* that it was entitled to the balance of the discovery yet to be produced so that it would not be prejudiced when the Government re-indicts it.  It also contended that its officers were prejudiced because they are associated with a company whose reputation has been besmirched by a vague indictment.

### *Discussion*

Federal Rule of Criminal Procedure 48(a) provides in relevant part that "the government may, with leave of court, dismiss an indictment. . . ."  At common law, the prosecutor had the unrestricted authority to enter a *nolle prosequi* (that is, to declare he would not prosecute) without the consent of the court at any time before the empaneling of the jury.  *United States v. Salinas*,  693 F.2d 348, 350 (5th Cir. 1982). The statutory revision of Rule 48(a) added the term "leave of court."   The former Fifth Circuit explained that the purpose of that language was "to clothe the federal courts with a discretion broad enough to protect the public interest in the fair administration of criminal justice."   *United States v. Cowan*, 524 F.2d 504, 512 (5th Cir. 1975).[4]

_____

[4]        In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

AO 72A
(Rev.8/8
2)

Recognizing that instituting criminal proceedings and dismissing charges once brought

is historically an Executive Branch function, *id.*, the *Cowan* Court observed that

> [t]he rule was not promulgated to shift absolute power from the
> Executive to the Judicial Branch.  Rather, it was intended as a power to
> check power.  The Executive remains the absolute judge of whether a
> prosecution should be initiated and the first and presumptively the best
> judge of whether a pending prosecution should be terminated.  The
> exercise of its discretion with respect to the termination of pending
> prosecutions should not be judicially disturbed unless clearly contrary to
> manifest public interest.  In this way, the essential function of each branch
> is synchronized to achieve a balance that serves both practical and
> constitutional values.

*Id.*  Binding precedent in this Circuit also recognizes that Rule 48(a) is designed to

protect a defendant from harassment by the government through charging, dismissing

and then re-charging without placing a defendant in jeopardy.  *United States v. Cox*,

342 F.2d 167, 171 (5th Cir. 1965) (*en banc*) (citing *Wooding v. United States*, 311 F.2d

417 (8th Cir. 1963)).[5]

---

[5]      The Fifth Circuit describes prosecutorial harassment as follows:

> [P]rosecutorial harassment involves charging, dismissing, and
> subsequently commencing another prosecution at a different time or place
> deemed more favorable to the prosecution.  The key factor in a
> determination of prosecutorial harassment is the propriety or impropriety
> of the Government's efforts to terminate the prosecution-the good faith or
> lack of good faith of the Government in moving to dismiss.  The
> Government must not be motivated by considerations "clearly contrary to
> the public interest."

10

In *Dyal*, the Eleventh Circuit held that in the dismissal of an indictment under Rule 48(a), the Government is entitled to a presumption of good faith, and its failure to state its reasons for dismissal contemporaneously with a Rule 48(a) motion entitles the defendant to dismissal with prejudice only if, in response to the government's motion to dismiss, the defendant demonstrates (1) that the initial dismissal was in bad faith, or (2) that the defendant has been prejudiced in his ability to attack the prosecutor's motives due to the trial court's failure to require submission of adequate reasons as a condition of dismissal of the prior prosecution.  *Dyal*, 868 F.2d at 428 (citations internal punctuation omitted).  The Eleventh Circuit has suggested that a defendant may show bad faith by presenting evidence that the dismissal was (1) for a tactical advantage in derogation of the defendant's rights, (2) to harass the defendant, or (3) a weapon to induce a guilty plea with a threat of indictment.  *Id.* at 429.

Holdings' arguments implicate the first two factors, but these factors are not present in this case.  For the reasons that follow, the Court concludes that Holdings has not overcome the presumption of good faith nor demonstrated bad faith on the part of the Government.

---

*Salinas*, 693 F.2d at 351.

11

First, Holdings has pointed to no authority, and the Court has not located any, which requires a defendant who is, has been or is going to be dismissed from a criminal action to nonetheless receive Rule 16 discovery materials.  As a result, the Court fails to see how the Government obtained a tactical advantage by withholding discovery production from Holdings once the Government decided not to continue to pursue charges against it.  In the event Holdings is re-indicted, it will obtain the full panoply of discovery rights under the Federal Rules of Criminal Procedure and the Constitution.

Second, the dismissal does not go to the merits of the charges against Holdings. Holdings argues that it was indicted only to enhance the Government's argument that Holdings was PWC's alter ego, but it submits no evidence to back up that charge. Moreover, to the extent that Holdings supports this claim by arguing that the indictment does not disclose facts demonstrating its guilt, this argument is misplaced because in a criminal case the Court cannot address the sufficiency of the Government's proof prior to trial.  *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) ("[A] court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.") (quoting *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987)).  The proper avenue to challenge the sufficiency of the Government's evidence is by way of a motion for judgment of acquittal after the close of the

12

Government's case, and not by a pretrial motion to dismiss. *United States v. Salman*, 378 F.3d 1266 (11th Cir. 2004). The fact that Holdings does not believe it violated federal law is not a sufficient reason to find that the Government's motion to dismiss the charges was in bad faith.

Third, although Holdings is correct that the protective order in this case allowed it to share discovery with counsel for the co-defendants who are contesting the validity of the service of process in this case, the Court agrees with the Government that Holdings' attempts to obtain discovery which neither pertains to it nor constitutes *Brady* material in relation to the charge against it, supports the Government's concerns that Holdings was attempting to gain discovery on behalf of the other indicted defendants while these entities, quite legitimately, contested the validity of the Government's service upon them. The fact that Holdings made these requests does not prove that it improperly acted as PWC's proxy, merely that it was reasonable for the Government to believe that Holdings was acting as a proxy for the other defendants. Thus, the Government's reason for seeking to dismiss Holdings without prejudice was made in good faith.

Fourth, the Court disagrees with Holdings' argument dismissing the Government's concerns that it might face multiple trials if Holdings remained in the

13

case while PWC and Logistics continued to challenge the sufficiency of service of process upon them.  Holdings' contention that declaring the case complex removes the strictures of the Speedy Trial Act is not correct.  Declaring a case "complex" is merely a factor which allows the Court to grant a continuance beyond the time limits set by the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii).  Even in complex cases, the Court still must be mindful of the requirements of the Act that the delay be reasonable.  *See United States v. Pedroza*, 269 F.3d 821, 830-31 (7th Cir. 2001) (holding that 51 days to decide four complex motions was reasonable and thus the time was properly excluded under the Speedy Trial Act).  *Cf. United States v. Simmons*, 431 F. Supp. 2d 38, 73-74 (D.D.C. 2006) (noting that even in a complex case, retrial must commence within a reasonable time).  In addition, although this issue is not yet ripe, the Court is not unmindful that at some point, if the District Court adopts the undersigned's R&R on the service of process issue, the Court will have to decide whether under the facts of this case, PWC and Logistics qualify as being absent or unavailable under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(3)(A); *United States v. Davenport*, 935 F.2d 1223, 1229-30 (11th Cir. 1991) (discussing application of the Act's handling of multiple defendant cases where some codefendants are fugitives).  As a result, Holdings' argument that the Government's Speedy Trial concerns are unjustified is rejected.

14

Fifth, the Court concludes that the Government's contention that it seeks dismissal of Holdings because it can be rendered insolvent after the Government prosecutes it, is a legitimate good faith reason allowing the indictment to be dismissed without prejudice. Holdings has not disputed the Government's representation of Holdings' counsel statement that Holdings could go out of business. The Eleventh Circuit has recognized that the futility of a prosecution and the needless expenditure of prosecutorial resources are valid reasons authorizing dismissal of an indictment without prejudice. In *United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991), the court concluded that the Government properly dismissed an earlier indictment against the defendant, who had escaped and was in Mexico at the time of the dismissal. The *Matta* Court noted that the reasons given by the government for seeking the dismissal did not go to the merits of the case and thus the dismissal could be without prejudice. *Id.* The reasoning found persuasive in *Matta* is applicable in the current case. Here, the Government reasonably is concerned that it could expend limited resources in prosecuting Holdings alone only to have Holdings dissolved by its parent corporation, PWC, whom the Government contends is the main architect and beneficiary of the alleged fraud. The Government has the discretion to allocate its finite resources on prosecutions which serve both deterrent and punitive goals. Deciding not continue the

15

prosecution of Holdings, which includes going through the time and expense of producing 15 million additional documents in discovery (approximately 12 million documents already have been disclosed), when Holdings can be dissolved by a third party not presently before the Court or otherwise rendered insolvent, is a legitimate exercise of the Government's prosecutorial discretion.

Finally, the Government's motion to dismiss does not constitute harassment of Holdings. As the *Salinas* Court recognized, the key factor in a determination of prosecutorial harassment is the propriety or impropriety of the Government's decision to terminate the prosecution - the good faith or lack of good faith in moving to dismiss. "The Government must not be motivated by considerations clearly contrary to the public interest.' " *Salinas*, 693 F.2d at 351 (footnotes omitted). It is true that the Government may decide in the future to resurrect the charge it now seeks to dismiss, but as noted, Holdings has not demonstrated that the Government's motion to dismiss was taken in bad faith. As to Holdings' argument at oral argument that its officers are tainted by the fact that their company was charged with a crime by the United States, these concerns can be assuaged by the fact that the same Government dismissed the charges.

16

AO 72A
(Rev.8/8
2)

In addition, the government's request for dismissal of the indictment without prejudice in this case is distinguishable from other cases where courts have found the government's request for dismissal to constitutes harassment.  In *Salinas*, the court found the reason for dismissal - the prosecutor's dissatisfaction with the jury selected since members of the jury knew the defendant - to not be in good faith, and thus concluded that the indictment should have been dismissed with prejudice.  *Salinas*, 693 F.2d at 352-53. In *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984), dismissal with prejudice was ordered where the earlier dismissal was made because Government was not prepared for trial.  In *United States v. Fields*, 475 F. Supp. 903 (D.D.C. 1979), dismissal with prejudice of a second indictment was found proper where the initial indictment was brought solely to pressure the defendant into cooperating against another.   Also, in *United States v. Greater Blouse, Skirt & Neckwear Contractors Assn., Inc.*, 228 F. Supp. 483, 486-87 (S.D.N.Y. 1964), the court indicated that a dismissal without prejudice of an indictment was inappropriate if the purpose was to subject the defendant to another prosecution at a later time because the current available evidence was insufficient to warrant a trial.[6]

---

[6]     The undersigned notes that the prospect of re-indictment or retrial does not foreclose a court from dismissing an indictment without prejudice.  The Eleventh Circuit has held that prosecutorial harassment was not shown where the Government

17

Since Holdings has not demonstrated that the Government's motion to dismiss was made to harass it, the undersigned **RECOMMENDS** that the Government's motion to dismiss the superseding indictment giant Holdings, [Doc. 115], be **GRANTED** and that the dismissal be **WITHOUT PREJUDICE**.

### *Conclusion*

For all of the above and foregoing reasons, Holdings' motion to file a supplemental brief, [Doc. 131], is **GRANTED**, and the undersigned **RECOMMENDS** that the Government's motion to dismiss the superseding indictment giant Holdings, [Doc. 115], be **GRANTED** and that the dismissal be **WITHOUT PREJUDICE**.

**IT IS SO ORDERED and RECOMMENDED**, this the ___5th___ day of October, 2010,

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

---

moved to dismiss the indictment just before the jury was sworn at the defendant's trial without telling the judge that it was seeking a superseding indictment. *United States v. Del Vecchio*, 707 F.2d 1214, 1216 (11th Cir. 1983). The Ninth Circuit has held that the government's motion to dismiss a narcotics indictment so that the charges could be joined with tax violations in a superseding indictment did not constitute improper prosecutorial harassment. *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988).

18